IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD ANTHONY, | ) |
| Plaintiff, | ) |
| | ) 2:22-cv-1119-RJC |
| vs. | ) |
| CHROMALOX, INC. | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

The above captioned case was initiated by the filing of a complaint on March 30, 2020 (ECF No. 4), was removed on May 20, 2020 from the Lake County Superior Court, Indiana to the United States District Court for the Northern District of Indiana (ECF No. 1), and then transferred to the United States District Court for the Western District of Pennsylvania on August 2, 2022 (ECF No. 25). Thereafter on August 16, 2022, defendant filed a Motion to Dismiss for Failure to State a Claim (ECF No. 30), and since that time, no response has been filed by Plaintiff, which, by virtue of this member of the Court's Standing Order, was due to be filed within twenty-one (21) days from the date of service of the motion. On September 13, 2022, the Court entered an Order to Show Cause why the Complaint in this matter should not be dismissed for failure to prosecute, setting forth a deadline of September 22, 2022. (ECF No. 33). To-date, nothing has been filed. We further note that on September 26, 2022, the Court's deputy clerk received a telephone call from Plaintiff's counsel that no response to the Rule to Show Cause was forthcoming.   It is apparent that Plaintiff has lost interest in his case.

**I. Allegations**

Plaintiff brings products liability claims against Defendant Chromalox, Inc., alleging that while in the course of his employment with ArcelorMittal, he was operating a crane when the

1

Chromalox Type HF Model E portable heater installed in the crane's cab malfunctioned because of a wire failure and suddenly and without warning electrocuted the Plaintiff, causing him permanent injuries. Compl. ¶ 6, ECF No. 4. Plaintiff alleges strict product liability under the Indiana Product Liability Act ("IPLA"), as well as breaches of express and implied warranties.

## II. Legal Standard

A district court has the inherent power to dismiss a case under Rule 41(b) of the Federal Rules of Civil Procedure for a plaintiff's failure to comply with an order of court. *Guyer v. Beard*, 907 F.2d 1424, 1429 (3d Cir. 1990). "Under our jurisprudence, the sanction of dismissal is reserved for those cases where the plaintiff has caused delay or engaged in contumacious conduct. Even then, it is also necessary for the district court to consider whether the ends of justice would be better served by a lesser sanction." *Id*.

In *Poulis v. State Farm Fire and Casualty Co.,* 747 F.2d 863 (3d Cir. 1984), the Court of Appeals for the Third Circuit set forth six factors to be weighed when considering whether dismissal of a case as a sanction for failure to obey pre-trial orders and participate in discovery was proper: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. *Id*. at 868. These factors must be balanced in determining whether dismissal is an appropriate sanction, although not all need to weigh in favor of dismissal before dismissal is warranted. *Hicks v. Feeney*, 850 F.2d 152 (3d Cir. 1988).

There is no "magic formula" for balancing the so-called *Poulis* factors, and not all of the six factors need to be satisfied in order to warrant dismissal. *See Karpiel v. Ogg, Cordes,*

*Murphy & Ignelzi, L.L.P.*, 405 Fed. Appx 592, 595 (3d Cir. 2010), *citing Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992) and *Ware v. Rodale Press, Inc.,* 322 F.3d 218, 221 (3d Cir. 2003).

**III. Discussion**

Because four of the six *Poulis* factors weigh heavily in favor of dismissal, this case will be dismissed with prejudice. Consideration of the factors listed above is as follows.

(1) The extent of the party's personal responsibility.

Plaintiff is now proceeding in this matter represented by an attorney.  There is no indication that he failed to receive the motion to dismiss and show cause order. The Court can only assume that the failure to respond to the Court's rulings and order in question was due to Plaintiff's failure, whether on advice of counsel or not, and he therefore bears responsibility for any failure in the prosecution of his claims.

(2) Prejudice to the adversary.

The complaint has been pending for over two years.  Plaintiff's failure to participate in the litigation has deprived Defendant of just resolution of and the ability to defend against Plaintiff's claims.   Plaintiff's dilatoriness has caused Defendant inconvenience in preparing a motion to dismiss, which went unacknowledged.  Thus, we find Defendant has been prejudiced.

(3) A history of dilatoriness.

The level of inattention Plaintiff has displayed is sufficient evidence, in this Court's view, to indicate that Plaintiff does not intend to proceed with this case in a timely fashion. His counsel has failed to respond to the motion to dismiss and show cause order.

(4) Whether the party's conduct was willful or in bad faith.

There is no indication on this record that Plaintiff's failure was the result of any

"excusable neglect," *Poulis, supra*, and it appears that his failure is abandonment of claims, rather than being willful.

(5) Alternative sanctions.

Imposition of costs or fees upon Plaintiff would likely be ineffective as a sanction, Dismissal is the most effective sanction under the particular facts and circumstances of this case.

(6) Meritoriousness of Plaintiff's case.

This factor is neutral, as it is impossible for this Court to determine whether Plaintiff's claims against the Defendant are meritorious, although it appears that the portable heater was destroyed and thus, its purchase and installation history would have been difficult to ascertain. It is possible that at least some of Plaintiff's claims are meritorious.

**IV. Conclusion**

For the reasons stated above, this case will be dismissed with prejudice due to Plaintiff's repeated failure to comply with the Orders of this Court, and failure to prosecute.

AND NOW, this 11th day of October, 2022, for the reasons discussed above, it is hereby ORDERED that Plaintiff's Complaint (ECF No. 4) is dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and for failure to comply with court orders. The Clerk of Court shall mark this case as CLOSED.

> BY THE COURT:
>
> s/ *Robert J. Colville*
> Robert J. Colville
> United States District Judge

cc:    counsel of record